**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**DANIEL CARD,**<br>**Defendant.** | **MEMORANDUM DECISION AND ORDER ON MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I)**<br>**Case No. 2:99-CR-00674-DAK**<br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant requests that the court grant compassionate release based on the change in the mandatory career offender guidelines and other extraordinary and compelling circumstances that make him eligible for relief. The United States filed an opposition to Defendant's motion, and the United States Probation Office filed a recommendation that the court deny the motion. Defendant then filed a reply in support of his motion. The court considers the motion fully briefed.

On December 12, 2000, Defendant was convicted of two counts of credit union robbery and two counts of using a firearm during a crime of violence under 18 U.S.C. § 2113(a)(d) and § 924(c). At the time Defendant's sentence was imposed, § 924(c) mandated a ten-year consecutive sentence for the first § 924(c) conviction and a twenty-year consecutive sentence for the second conviction. The presentence report (PSR) calculated a guideline range of 490-522 months. Under the law at the time, the court was permitted to depart downward from the guideline range. On June 5, 2001, Judge Dee Benson sentenced Defendant to 406 months of incarceration, sixty months of supervised release and $19,974.50 in restitution.

## DISCUSSION

"Federal Courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One exception is contained in 18 U.S.C. § 3582(c)(1). Under § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent applicable, if it finds that "extraordinary and compelling reasons warrant such a reduction; and . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Tenth Circuit has identified three requirements for compassionate release: "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). A court may deny compassionate release if any one of those requirements is not satisfied. *United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021).

*Extraordinary and Compelling*

Defendant argues that extraordinary and compelling reasons warrant a reduction in his sentence based on a change in sentencing law under the First Step Act. Specifically, Defendant contends he would receive a substantially shorter sentence under current law because Congress eliminated the practice of stacking consecutive mandatory sentences under § 924(c) for defendants without a prior final § 924(c) conviction. Although Defendant acknowledges that Congress did not make the amendment retroactive, he argues that the resulting sentencing disparity, considered with his individual circumstances, warrants compassionate release.

When Defendant filed his motion, the Tenth Circuit precedent permitted district courts to consider nonretroactive sentencing changes in determining whether extraordinary and compelling reasons justified relief. *McGee,* 922 F.3d at 1047. However, the Supreme Court has since rejected that approach. In *Rutherford v. United States*, 608 U.S. 454, 465 (2026), the Court held that sentencing disparities resulting from Congress's nonretroactive amendment to § 924(c) cannot constitute extraordinary and compelling reasons under § 3582(c)(1)(A)(i). The Court explained that such disparities are an ordinary consequence of prospective sentencing legislation and that permitting them to justify compassionate release would undermine Congress's deliberate decision not to extend the amendment to previously sentenced defendants. *Id.* at 466. The Court further held that "Congress's nonretroactive change to § 924(c)-considered by itself or in combination with other factors-cannot make a prisoner eligible for compassionate release." *Id.* at 473. Thus, although Congress reduced the mandatory penalties applicable to certain defendants sentenced under § 924(c), it expressly declined to make those changes retroactive. Compassionate release cannot be used to circumvent that legislative decision. Accordingly, even assuming Defendant would receive a shorter sentence under current law, the resulting disparity cannot support a finding of extraordinary and compelling reasons for compassionate release.

Defendant also contends that his difficult childhood, his mental health struggles and his deteriorating health constitute extraordinary and compelling reasons for a sentence reduction. Although Defendant acknowledges that his medical conditions do not independently constitute extraordinary and compelling circumstances, he argues that his growing list of medical problems, considered with his other circumstances, warrant compassionate release.

The court recognizes Defendant's history of mental health and substance abuse problems, his reported deterioration in physical health, and his recent improvement in response to mental

health treatment. However, Defendant has not demonstrated that these circumstances, considered individually or collectively, rise to the level of extraordinary and compelling reasons to warrant a sentence reduction. Although Defendant reports recent improvement in his response to mental health treatment, the United States Probation Office reports that Defendant has participated in minimal drug treatment or mental health programming. Defendant's participation in educational courses and recent enrollment in mental health treatment is commendable, but they do not establish extraordinary and compelling circumstances. Nor has Defendant demonstrated that his asserted circumstances, considered together, are similar in gravity to those identified in U.S.S.G. § 1B1.13(b)(1)-(4). See U.S.S.G. § 1B1.13(b)(5).

Because Defendant has failed to establish extraordinary and compelling reasons for compassionate release, the court may deny his motion without further analysis. *Hald*, 8 F.4th at 942-42. However, the court alternatively considers the applicable sentencing factors under § 3553(a)

*Section 3553(a) Factors*

Even assuming Defendant has established extraordinary and compelling reasons for a sentence reduction, the court concludes that the factors under 18 U.S.C. § 3553(a) weigh against relief. Defendant's convictions involved two credit union robberies and the use of firearms during crimes of violence. Moreover, Defendant has an extensive disciplinary history while incarcerated, including threatening violence, possession of weapons and controlled substances, and other serious institutional violations. Although his last recorded disciplinary incident occurred more than two years ago, his history of misconduct raises substantial concerns regarding the protection of the public and the need for continued deterrence.

The court recognizes that Defendant has served a substantial portion of his 406-month sentence and acknowledges his participation in educational courses and recent efforts to address his mental health are favorable considerations. However, the court concludes that they do not outweigh the seriousness of Defendant's offenses, his history, characteristics, and the need to protect the public from further crimes. See 18 U.S.C. § 3553(a)(1).

## CONCLUSION

Based on the above reasoning, Defendant has failed to establish extraordinary and compelling reasons warranting compassionate release under 18 U.S.C § 3582(c)(1)(A)(i). Additionally, the court concludes that the sentencing factors under 18 U.S.C. § 3553(a) weigh against a reduction in Defendant's sentence.

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 333] is DENIED.

Dated this 19th day of November 2026.

BY THE COURT:

Dale A. Kimball

DALE A. KIMBALL
United States District Judge